Electronically Filed
8/30/2019 4:06 PM
Penny Clarkston, Smith County District Clerk
Reviewed By: Gina McClung

19-2142-B

CAUSE NO. _____

| | | |
|---|---|---|
| MARIA TITA SHOFF, and | § | IN THE DISTRICT COURT |
| JOSEPH WILLIAMS | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | _____ JUDICIAL DISTRICT COURT |
| | § | |
| UNITED PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| Defendant. | § | SMITH COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME MARIA TITA SHOFF and JOSEPH WILLIAMS, Plaintiffs herein, and files this their Original Petition against Defendant, UNITED PROPERTY AND CASUALTY INSURANCE COMPANY, and, in support of their causes of action, would respectfully show the Court the following:

### I.      PARTIES

1.      Plaintiffs, MARIA TITA SHOFF and JOSEPH WILLIAMS, own property located 3408 Pinecreek Dr., Tyler, Texas 75707 (the "Property").

2.      Defendant, UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ("UPACIC" or "Defendant") is a foreign entity authorized to engage in the insurance business in the State of Texas and may be served by serving its Registered Agent for Service of Process, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136. Service is requested by certified mail, return receipt requested at this time.

### II.      DISCOVERY

3.      Plaintiff intends to conduct discovery under a Level 3 discovery control plan pursuant to the Texas Rules of Civil Procedure.

**EXHIBIT A**

### III.    CLAIM FOR RELIEF

4.      At this time, Plaintiffs cannot assess accurately a definite limit to the damages they have

sustained, or will sustain in the future, as a result of Defendant's acts. Given the early state of this

litigation, projections have not been declared regarding the full extent and severity of the injuries

and damages. In view of these circumstances, Plaintiffs do not wish to impose any limit on what

they may present to the jury or what the jury may consider as a range of damages in this case;

however, Plaintiffs make the following representation in compliance with Tex. R. Civ. P. 47(c) to

aid in the efficient court administration. Plaintiffs believe that the most reasonable option afforded

under Tex. R. Civ. P. 47, at this time, prior to the completion of discovery in the case, is to seek

monetary relief of over $200,000 but not more than $1,000,000, exclusive of interest and costs,

which is the only option that does not require Plaintiffs to select a speculative, arbitrary cap on

their damages. Plaintiffs reserve the right to modify or adjust this statement, as the litigation

progresses, and additional evidence is compiled. Regardless of what Plaintiffs must state for

administrative purposes as the amount of damages they seek pursuant to Tex. R. Civ. P. 47(c),

they desire to leave the final determination of damages, if any, to the sole province of the jury,

based upon the credible evidence presented to the jury at trial.

### IV.    JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this cause of action, because it involves an

amount in controversy in excess of the minimum jurisdictional limits of this Court.

6.      Venue is proper in Smith County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1)

because all or a substantial part of the events or omissions giving rise to the claim occurred in said

County. In particular, the loss at issue occurred in this County.

## V.   FACTUAL BACKGROUND

7.      Plaintiffs entered into an agreement with Defendant to pay Defendant premiums in
exchange for insurance coverage protecting Plaintiffs' Property.

8.      The agreement was drafted by Defendant and assigned Policy Number 43 1000345098 00
(the "Policy"). The Policy's effective date was from July 5, 2016 to July 5, 2017 (referred to as
the "Policy Period").

9.      The Policy covers damage to property as a result of a wind, hail, and rainstorm.

10.     On or about May 3, 2017, a wind, hail, and rainstorm struck the local area of Tyler, Texas,
and Plaintiffs' property was severely damaged during the Policy Period.

11.     Plaintiffs subsequently filed a claim under the Policy.

12.     Defendant assigned the claim, claim number 2018TX126167 (referred to as the "Claim").

13.     Plaintiffs hired Axiom Public Adjusting LLC ("Axiom") to handle the Claim with
Defendant and to conduct testing on the Property.

14.     On or about December 11, 2018, a representative for Defendant completed an inspection
of the Property. But in its estimate, Defendant and its insurance adjuster Tim Truman ("Truman")
knowingly, and despite evidence to the contrary, inaccurately determined that the storm-related
damage was negligible or non-existent.

15.     Defendant and Truman did not include or mention significant damages sustained, such as
the cracked skylight dome, chipped/broken concrete roof tiles, water damage in the interior, wall
and carpet stains in the interior, leaking, and other significant damages.

16.   . Defendant improperly narrowed the scope of the contractual language in Plaintiffs' policy
to deny their claim.

17.     Defendant failed to pay Plaintiffs the reasonable costs associated with repairing/replacing the damaged property sustained by the storm pursuant to the Policy it drafted and entered into with Plaintiffs.

18.     Defendant and Truman did not conduct an adequate investigation into the damages claimed by Plaintiffs.

19.     Defendant made misrepresentations to Plaintiffs about damages that were sustained by the wind, hail, and rainstorm and misrepresented what damages it would cover pursuant to the Policy.

20.     Defendant knowingly and inappropriately underpaid Plaintiffs claims.

21.     Defendant's and Truman's unreasonable investigation and lack of effort during the claims handling process to properly pay the claim led to the significant underpayment of the Claim.

22.     Moreover, Defendant and its adjusters performed an intentional outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses.

## VI.     CAUSES OF ACTION

### A.     Breach of Contract

23.     Plaintiffs reassert and reallege the allegations set forth in paragraphs 7 through 22 of this Petition.

24.     Defendant entered into the Policy with Plaintiffs.

25.     Plaintiffs' property was severely damaged as a result of a wind, hail, and rainstorm, which is a covered cause of loss under the Policy.

26.     Defendant breached the terms of the Policy by wrongfully narrowing the scope of the contractual language of the Policy and underpaying the Claim. Defendant also failed to pay the reasonable costs associated with repairing/replacing the damaged property.

27.     As a result of Defendant's breach of the Policy, Plaintiffs have sustained actual damages and have incurred reasonable and necessary attorney's fees to date.

**B.     Insurance Code Violations**

28.     Plaintiffs reassert and reallege the allegations set forth in paragraphs 7 through 27 of this Petition.

*Prompt Payment of Claims Statute*

29.     The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 et seq. of the Texas Insurance Code.

30.     Plaintiffs, therefore, in addition to Plaintiffs' claim for damages is entitled to statutory interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

*541 Insurance Code Violations*

31.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

32.     Defendant violated **§ 541.051** of the Texas Insurance Code by:

        (1)     making statements misrepresenting the terms and/or benefits of the policy.

33.     Defendant violated **§ 541.060(a)(1)** by misrepresenting to Plaintiffs a material fact relating to coverage at issue.

34.     Defendant violated **§ 541.060(a)(2)** by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim when its liability had become reasonably clear.

35.     Defendant violated **§ 541.060(a)(3)** by failing to promptly provide Plaintiffs a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its underpayment of the Claim.

36.     Defendant violated **§ 541.060(a)(4)** by failing within a reasonable time to affirm or deny coverage of the Claim.

37.     Defendant violated **§ 541.060(a)(7)** by refusing to pay Plaintiffs' Claim without conducting a reasonable investigation with respect to the Claim.

38.     Defendant violated **§ 541.061** by:

    (1)     making an untrue statement of material fact;

    (2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    (3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    (4)     making a material misstatement of law; and

    (5)     failing to disclose a matter required by law to be disclosed.

**C.     DTPA Violations**

39.     Plaintiffs reassert and reallege the allegations set forth in paragraphs 7 through 38 of this Petition.

40.     At all material times hereto, Plaintiffs were consumers who purchased insurance products and services from Defendant.

41.     Defendant is a "person" as defined by § 17.45 of the Texas Business and Commerce Code.

42.     Defendant violated the Texas Deceptive Trade Practices Act in the following respects:

    (1)     Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

    (2)     Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed; and

    (3)     Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course

of action as prohibited by the DTPA § 17.50(a)(1)(3) in that this Defendant took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

43.     Upon information and belief, Defendant knowingly committed the acts complained of. As such, Plaintiffs are entitled to exemplary and/or treble damages and reasonable attorney's fees pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.      Breach of The Duty of Good Faith and Fair Dealing**

44.     Plaintiffs reassert and reallege the allegations set forth in paragraphs 7 through 43 of this Petition.

45.     Plaintiffs and Defendant entered into a valid and enforceable insurance policy.

46.     Defendant owed Plaintiffs the common law duty of good faith and fair dealing.

47.     Defendant breached the common law duty of good faith and fair dealing by wrongfully underpaying the Claim when Defendant knew or should have known liability was reasonably clear.

48.     Upon information and belief, Defendant's actions were performed without due regard or care for the Claim process and were done intentionally and/or with gross negligence.

49.     Defendant was aware at all times that its actions would result in the underpayment of Plaintiffs' Claim, cause mental anguish and thus extraordinary harm associated with Plaintiffs' Claim.

50.     As a result of Defendant's acts and/or omissions, Plaintiffs sustained actual damages.

## VII.   Attorneys' Fees

51.     Plaintiffs reassert and reallege the allegations set forth in paragraphs 7 through 50 of this Petition.

52.     Plaintiffs engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

53.     Plaintiffs are entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiffs are represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

54.     Plaintiffs further pray that he be awarded all reasonable attorneys' fees incurred in prosecuting their causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

55.     Plaintiffs further pray that they be awarded all reasonable and necessary attorney's fees incurred in prosecuting Plaintiffs' DTPA causes of action above pursuant to § 17.50(d).

## VIII.   CONDITIONS PRECEDENT

56.     All conditions precedent to Plaintiffs' right to recover have been fully performed or have been waived by Defendant.

## IX.     DEMAND FOR JURY

57.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs herein request a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## X.    DISCOVERY REQUESTS

58.    Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

## XI.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs herein pray that, upon final hearing of the case, they recover actual damages, statutory interest, mental anguish and treble/exemplary damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiffs be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**PRESTON DUGAS LAW FIRM, PLLC**
Oil & Gas Building
309 W. 7th Street, Suite 1100
Fort Worth, Texas 76102
Telephone:    (817) 945-3061
Facsimile:    (682) 219-0761
Email: preston@pjdlawfirm.com

By:/s/*Preston J. Dugas III*
PRESTON J. DUGAS III
State Bar No. 24050189
**ATTORNEY FOR PLAINTIFFS**